**Richard STEWART, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Warden, Respondent–Appellee.**

No. 07–16204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed May 20, 2008.

Lawrence A. Gibbs, Esq., Law Office of Lawrence A. Gibbs, Berkeley, CA, Clifford

ed by 9th Cir. R. 36–3.

**576**

Gardner, Esq., Law Offices of Cliff Gardner, Oakland, CA, for Petitioner–Appellant.

Mark S. Howell, Esq., California Department of Justice, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Petitioner Richard Stewart appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. Stewart was convicted of the murder of his mother, her husband, and their roommate. Petitioner claims in his appeal that (1) his trial counsel rendered ineffective assistance by not presenting purportedly exculpatory out-of-court statements of a third party, Maurice Solvang; and (2) that his trial counsel labored under an impermissible conflict of interest because of his office's representation of Solvang and of a trial witness, Terry Guillory.

In reviewing the claim of ineffective assistance, this court "strongly presume[s] that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir.1990). In this case, there are several legitimate tactical reasons which could have been the basis for trial counsel's deci-

sion, including the fact that the statements conflicted with central elements of the defense theory of the case. There was no evidentiary hearing as to the actual reason for the decision and nothing in the record shows that Petitioner requested one. Based on the presumption that counsel exercised acceptable professional judgment and the lack of any evidence to the contrary, we affirm the district court's denial of habeas relief on Petitioner's first claim.

Regarding the claim of a conflict of interest, Petitioner must show "that his counsel actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335, 349–350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In this case, Petitioner claims a conflict because his counsel was the named Public Defender for the county and thus the counsel of record for all clients of the Public Defender's office, including Solvang and Guillory.*** Because there is no evidence that Petitioner's counsel ever actively represented Solvang or Guillory, the claim requires this court to apply the ethical rule of "imputed conflict" to the Sixth Amendment context. In the context of habeas review under AEDPA, this court has stated that "the imputed disqualification rule is not clearly established federal law for the purposes of § 2254(d)(1)." *Lambert v. Blodgett*, 393 F.3d 943, 986 (9th Cir.2004). The state court denied relief on Petitioner's "imputed conflict" claim. Accordingly, we affirm the district court's denial of habeas relief on this claim, based on its determination that the state court's decision was not contrary to, nor an unrea-

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*** Apparently the Public Defender's office had represented Solvang at least 17 years prior to the petitioner's trial. As to the witness Guillory, the Public Defender's office withdrew from that representation as soon as the conflict was discovered.

sonable application of, clearly established federal law.

**AFFIRMED.**